UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:

ORLANDO CRUZ,

    Debtor.

                                                                           Case No. 6:19-cv-647-Orl-37
                                                                          Bankr. Case No. 6:16-bk-7815-CCJ

_____

JESSICA DOIRON,

    Plaintiff,

v                                                     Adversary Proceeding No. 6:17-ap-43-CCJ

ORLANDO CRUZ,

    Defendant.

_____

## **ORDER**

On April 4, 2019, *pro se* Appellant Orlando Cruz filed a notice of appeal seeking to appeal a March 22, 2019 Order of the Bankruptcy Court of the Middle District of Florida denying cross-motions for summary judgment in the adversary proceeding against Appellant ("**March 22 Order**"). (Doc. 1 ("**Notice**").) With the Notice, Appellant moved this Court for leave to appeal the March 22 Order under 28 U.S.C. § 158(a)(3) and stay proceedings pending appeal. (Doc. 1-1 ("**Motion**").) No response was filed. On review, the Court denies the Motion.

-1-

## I. BACKGROUND

On November 30, 2016, Appellant filed a voluntary petition for relief under Chapter 7. *In re Cruz*, 6:16-bk-7815-CCJ, Doc. 1, Nov. 30, 2016. He was granted discharge on April 11, 2017. *Id.* Doc. 28. On April 7, 2017, Plaintiff Jessica Doiron filed an adversary proceeding to determine the dischargeability of debt she claims Appellant owes stemming from a state court judgment in a defamation action between the two. *Doiron v. Cruz*, 6:17-ap-43-CCJ, Doc. 1, Apr. 7, 2017 ("***Adversary Proceeding***"). Ms. Doiron is a nurse who worked with Appellant in Missouri. (Doc. 1-1, ¶¶ 1–2.) The relationship soured after Appellant expressed misgivings about Ms. Doiron's work, ultimately leading to Appellant penning a critical letter to Ms. Doiron he forwarded to the state nursing board. (*Id.* ¶¶ 4–8.) Following investigation, the board took no action against Ms. Doiron's nursing license. (*Id.* ¶ 9.) So she filed the defamation action against Appellant and won following a jury trial. (*Id.* ¶ 11.) She now claims in the adversary proceeding that Appellant's debt from the defamation action is non-dischargeable under 11 U.S.C. § 523(a)(6) for willful and malicious injury caused by Appellant. *Adversary Proceeding*, Doc. 49, pp. 1, 9–14. Appellant denies the willful and malicious nature of his statements and contends that because they were made in employment disciplinary proceedings, they were privileged under state law. *Id.* Doc. 61; (Doc. 1-1, ¶ 13.)

The adversary proceeding progressed, and the parties filed cross-motions for summary judgment. *Id.* Docs. 49, 61. On March 22, 2019, the Bankruptcy Court issued an order denying the cross-motions because the record remained "unclear as to [Appellant's] intent." *Id.* Doc. 78, p. 2. It set the matter for a limited trial "to determine

whether [Appellant's] conduct that gave rise to the defamation judgment and bill of costs constitutes a willful and malicious injury." *Id.* Appellant then filed the Notice and Motion in this Court. (Docs. 1, 1-1.) No response was filed within fourteen days, *see* Fed. R. Bank. P. 8004(b)(2), so the Court considers the Motion.

## II. LEGAL STANDARD

District courts have jurisdiction to hear appeals—with leave of court—from interlocutory orders and decrees of bankruptcy judges. 28 U.S.C. § 158(a)(3). 28 U.S.C. § 158(a)(3) does not contain a standard for determining when courts should allow interlocutory appeals so district courts generally look to 28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals from district courts to courts of appeals. *See, e.g., In re Charter Co.*, 778 F.2d 617, 620 n. 5 (11th Cir. 1985). Under Section 1292(b), a court will permit an interlocutory appeal of an order if (1) the order presents a controlling question of law (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *In re Celotex Corp.*, 187 B.R. 746, 749 (Bankr. M.D. Fla. 1995).

For § 1292(b), a question of law is appropriate for interlocutory review if it is a question of "pure law," that is one that an appellate court can resolve "quickly and cleanly without having to study the record." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)). The second element, a substantial difference of opinion, is met if "at least two courts interpret the relevant legal principle differently." *Figueroa v. Wells Fargo*

*Bank, N.A.*, 382 B.R. 814, 824 (S.D. Fla. 2007). "It is simply not enough for interlocutory review that the order for which appeal is sought presents a difficult ruling; nor is it sufficient that the movant can demonstrate a lack of authority on the issue." *In re Pac. Forest Prods. Corp.*, 335 B.R. 910, 922 (S.D. Fla. 2005). There cannot be a substantial difference of opinion on a legal principle if there is controlling authority in the bankruptcy court's jurisdiction. *Id.* The third element requires "that the resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259.

### III. DISCUSSION

Appellant acknowledges that denial of a summary judgment motion is an interlocutory order but contends immediate review is appropriate here because his summary judgment motion raised privilege issues he believes are "purely legal." (Doc. 1-1, ¶ 27.) Yet Appellant recognizes in his Motion that the privilege he asserted rests on determining intent (*id.* ¶¶ 15–26) — meaning a factual dispute for which an interlocutory appeal is inappropriate. *See McFarlin*, 381 F.3d as 1259 ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts of evidence of a particular case."). Thus no controlling question of law exists here for the Court to resolve through interlocutory appeal. Moreover, a party seeking to appeal must satisfy all three elements of § 1292(b)'s standard, yet Appellant has not done so here. *Pac. Forest Prods. Corp.*, 335 B.R. at 919; *In re Brown*, No. 3:18-cv-415-J-34, 2018 WL 3496790, at *3 (M.D. Fla. July 20, 2018). The Court therefore declines to exercise its discretionary jurisdiction over this

interlocutory appeal.

## IV. Conclusion

**ORDERED AND ADJUDGED** that:

1. Appellant's Motion for Leave to Appeal and Stay Proceedings in Bankruptcy Court while Appeal is Pending (Doc. 1-1) is **DENIED**.

2. This appeal is **DISMISSED** for lack of jurisdiction.

3. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 12, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
*Pro se* party